UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| BEVERLY LONDON, et al., | CASE NO. 4:16CV2327 |
| Plaintiffs, | MAGISTRATE JUDGE GEORGE J. LIMBERT |
| v. | |
| YOUNGSTOWN OHIO HOSPITAL COMPANY, LLC. dba VALLEYCARE HEALTH SYSTEM dba NORTHSIDE MEDICAL CENTER, | MEMORANDUM OPINION & ORDER |
| Defendant. | |

The instant matter is before the Court on a motion for summary judgment filed by Defendant Youngstown Ohio Hospital Company, LLC dba Valleycare Health System dba Northside Medical Center ("Defendant"). ECF Dkt. #26. For the following reasons, the Court GRANTS Defendant's motion (ECF Dkt. #26) and DISMISSES Plaintiffs' amended complaint in its entirety WITH PREJUDICE:

## I. PROCEDURAL HISTORY

On September 19, 2016, Plaintiffs Beverly London ("Plaintiff London") and Michelle Scott ("Plaintiff Scott") filed a complaint in this Court. ECF Dkt. #1. They indicated that they were ages 63 and 60, respectively, and were former employees of Defendant. *Id*. at 3. They averred that Plaintiff London was hired in 1972 as a nurse's aide and she was later promoted to a Unit Secretary position, while Plaintiff Scott was hired as a housekeeper in 1978 and later also promoted to the position of Unit Secretary. *Id*. They further averred that Plaintiff London had been disciplined only once in 44 years and Plaintiff Scott had never been disciplined in 37 years of employment. *Id*.

Plaintiffs London and Scott alleged in the complaint that on or about February 9, 2016, Defendant informed them that it was eliminating all Unit Secretary positions and replacing the position with a new position called a Unit Technician position, which combined the Unit Secretary position with the Personal Care Assistant ("PCA") position, although the PCA position was not being eliminated and the current PCAs were not losing their positions. ECF Dkt. #1 at 3. Plaintiffs

London and Scott further averred that all but one of the ten Unit Secretaries were over the age of 55. *Id*. They further alleged that Defendant informed the Unit Secretaries that they had until February 17, 2016 to take a layoff, "bump" to another job, or bid on or apply for the new Unit Technician positions. *Id*. at 4. According to Plaintiffs London and Scott, Defendant informed them that any Unit Secretary hired as a Unit Technician would receive training. *Id*.

Plaintiffs London and Scott further allege in their complaint that they applied for the Unit Technician position and Plaintiff London was one of three Unit Secretaries who was granted a Unit Technician position. ECF Dkt. #1 at 4. They aver that the other five Unit Technician positions were awarded to PCAs who were substantially younger than them. *Id*. They further aver that they were then informed that the Unit Technician positions were not being awarded based upon seniority, so they filed a union grievance indicating that the Unit Technician positions were not awarded according to seniority and they noted that the positions were awarded to substantially younger employees who did not have as much seniority or training as the Unit Secretaries. *Id*.

According to Plaintiffs London and Scott, Defendant thereafter withdrew all of the Unit Technician positions, including that of Plaintiff London, and then reopened the positions for bidding. ECF Dkt. #1 at 5. Plaintiffs London and Scott re-bid on the positions and neither they, nor any of the Unit Secretaries, were awarded a Unit Technician position as those positions were given to substantially younger PCAs who lacked experience as Unit Secretaries, which was part of the Unit Technician positions. *Id*. Plaintiffs London and Scott averred that they had experience as nurses' aides, which are similar to the PCAs positions. *Id*.

Plaintiffs London and Scott aver that Defendant terminated their employment on April 8, 2016 and deliberately eliminated the Unit Secretary positions to replace the Unit Secretaries with substantially younger PCAs. ECF Dkt. #1 at 5. They aver that they suffered severe emotional distress, anxiety and depression as a result of their wrongful termination by Defendant. *Id*.

In the complaint, Plaintiffs London and Scott allege claims in violation of 29 U.S.C. §621, et seq., the Age Discrimination in Employment Act ("ADEA"), retaliatory discrimination in violation of the ADEA, and intentional infliction of emotional distress ("IIED"). ECF Dkt. #1 at 6-8.

On October 25, 2016, Plaintiffs London and Scott filed an amended complaint, which added Plaintiff Gavolas ("Plaintiff Gavolas")(collectively "Plaintiffs") and expanded upon the complaint allegations. ECF Dkt. #3. In the amended complaint, Plaintiffs also set forth their filing of Charges of Discrimination with the Equal Employment Opportunity Commission ("EEOC") and the EEOC's issuance of Right to Sue letters, evidencing their exhaustion of administrative remedies. *Id*. at 2-3.

Plaintiffs aver in the amended complaint that Plaintiffs London and Gavolas were granted Unit Technician positions after the first round of bidding, but Plaintiff Scott did not receive a position. ECF Dkt. #3 at 5. They reallege that on or about February 29, 2016, they were informed that the Unit Technician positions were not being awarded based on seniority and Plaintiffs and the other Unit Secretaries filed a union grievance because of this. *Id*. Plaintiffs also noted that the Unit Technician positions were awarded to substantially younger employees who lacked the seniority or training as the Unit Secretaries. *Id*.

Plaintiffs reallege that on or about March 17, 2016, Defendant withdrew all of the Unit Technician positions as a result of the settlement of the union grievance and reopened the positions for bidding in compliance with the settlement, for which each Plaintiff rebid. ECF Dkt. #3 at 6. Plaintiffs aver that none of them were awarded a Unit Technician position and all of those positions were awarded to substantially younger PCAs. *Id*. Plaintiffs assert that on or about April 8, 2016, Defendant terminated their employment. *Id*. Plaintiffs allege that Defendant deliberately eliminated the Unit Secretary position to replace the Unit Secretaries with substantially younger PCAs. *Id*. Plaintiffs aver that Defendant's reason for the termination of their employment is a pretext for age discrimination. *Id*.

Plaintiffs reassert claims of discrimination, wrongful termination, and retaliation in violation of the ADEA and IIED. ECF Dkt. #3 at 12. Defendant answered the amended complaint on December 2, 2016. ECF Dkt. #9.

On August 28, 2017, Defendant filed the instant motion for summary judgment. ECF Dkt. #26. On September 27, 2017, Plaintiffs filed a brief in opposition to the motion for summary judgment. ECF Dkt. #28. On October 11, 2017, Defendant filed a reply brief. ECF Dkt. #29.

## II.  STANDARD OF REVIEW

Rule 56(a) of the Federal Rules of Civil Procedure provides in pertinent part that the Court "shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a); see also Fed. R. Civ. P. 56, Advisory Committee Notes ("The standard for granting summary judgment remains unchanged" despite 2010 amendments to Rule 56). Rule 56(c)(1) outlines the procedures for supporting or opposing a motion for summary judgment, stating that:

> (1) Supporting Factual Positions. A party asserting that a fact cannot be or is genuinely disputed must support the assertion by:
>
>> (A) citing to particular parts of materials in the record, including depositions, documents, electronically stored information, affidavits or declarations, stipulations (including those made for purposes of the motion only), admissions, interrogatory answers, or other materials; or
>>
>> (B) showing that the materials cited do not establish the absence or presence of a genuine dispute, or that an adverse party cannot produce admissible evidence to support the fact.

Fed. R. Civ. P. 56(c)(1). "The court must view the evidence and draw all reasonable inferences in the light most favorable to the non-moving party." *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986); *Biegas v. Quickway Carriers, Inc.*, 573 F.3d 365, 374 (6th Cir. 2009). Rule 56(c)(3) provides that the Court need only consider cited materials in determining a motion for summary judgment, although the Court may consider other materials in the record. Fed. R. Civ. P. 56(c)(3).

The party moving for summary judgment has the burden of showing there exists no genuine issue of material fact. *Matsushita*, 475 U.S. at 587. If the moving party meets his burden, the nonmoving party must take affirmative steps to avoid the entry of a summary judgment. *See* Fed.R.Civ.P. 56(e). To refute such a showing, the nonmoving party must present some significant, probative evidence indicating the necessity of a trial for resolving a material, factual dispute. *Celotex*, 477 U.S. at 322. A mere scintilla of evidence is not enough; the evidence must be such that a reasonable jury could find for the nonmovant. *Anderson v. Liberty Lobby*, 477 U.S. 242, 252, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986). A court may grant summary judgment "only if the motion and supporting materials – including the facts considered undisputed under subdivision (e)(2)– show that

the movant is entitled to it." Fed. R. Civ. P. 56(e), Advisory Committee Note, 2010 Amendment.

### III.  LAW AND ANALYSIS

#### A.  ADEA DISCRIMINATION

Defendant first moves for summary judgment on Plaintiffs' claim of age discrimination in violation of the ADEA. ECF Dkt. #26-1 at 8. Defendant asserts that no direct evidence of age discrimination exists and Plaintiffs cannot establish a prima facie case of age discrimination in order to maintain a circumstantial case of age discrimination. *Id*. Defendant contends that Plaintiffs cannot establish the fourth element of a prima facie case of discrimination because even if Plaintiffs could show that they were replaced, which they were not because their Unit Secretary positions were eliminated, they are unable to show that the individuals who replaced them were substantially younger than they were. *Id*.

Generally, in order to assert a claim under the ADEA, a Plaintiff must present direct evidence of discrimination or establish a prima facie case of age discrimination under the *McDonnell-Douglas* burden-shifting analysis, outlined below. *Minadeo v. ICI Paints*, 398 F.3d 751, 763 (6th Cir. 2005) citing *Rowan v. Lockheed Martin Energy Systems*, 360 F.3d 544, 547 (6th Cir.2004). "Direct evidence is evidence that proves the existence of a fact without requiring any inferences." *Minadeo*, 398 F.3d at 763, quoting *Rowan*, 360 F.3d at 547. If a plaintiff succeeds in presenting direct evidence that he or she suffered an adverse employment decision as a result of a discriminatory motive, "the burden shifts to the employer to prove by a preponderance of the evidence that it would have made the same decision absent the impermissible motive." *Id*. No direct evidence of discrimination is alleged in this case.

"A plaintiff who fails to proffer direct evidence of age discrimination may instead establish a prima facie case of age discrimination under the burden-shifting framework set forth in *McDonnell Douglas Corp. v. Green*, 411 U.S. 792, 93 S.Ct. 1817, 36 L.Ed.2d 668 (1973)." *Rowan*, 360 F.3d at 547. The first three elements a plaintiff must satisfy are that: (1) he or she was a member of a protected class; (2) he or she was discharged; and (3) he or she was qualified for the position she held. *Minadeo,* 398 F.3d at 764. The fourth element of proving a prima facie case of age discrimination requires the employee to show that "the plaintiff was replaced by a person outside

the protected class." *Id.* However, the Sixth Circuit has held that, "alternatively, the fourth element may also be satisfied by showing that similarly situated non-protected employees were treated more favorably.' " *Id*. quoting *Clayton v. Meijer, Inc.*, 281 F.3d 605, 610 (6th Cir.2002)(quoting *Talley v. Bravo Pitinio Rest. Ltd.*, 61 F.3d 1241, 1246 (6th Cir. 1995).

Defendant first asserts that Plaintiffs cannot demonstrate that they were replaced because their Unit Secretary jobs were eliminated due to a decreased need for clerical work because of changing technology and organizational restructuring. ECF Dkt. #26-1 at 10-11. Defendant posits that the tasks performed by the Unit Secretaries were incorporated into the seven new Unit Technician positions upon which Plaintiffs bid. *Id.* at 11. In addition, Defendant asserts that even if Plaintiffs could show that they were replaced, Plaintiffs cannot establish that they were replaced by individuals significantly younger than them because the majority of the Unit Technicians who were awarded jobs were close in age to Plaintiffs and those similarly situated to Plaintiffs, the other Unit Secretaries, were treated the same way. *Id*. at 6-7. Alternatively, Defendant asserts, even if those similarly situated to Plaintiffs are the PCAs and other Unit Technicians, the new Unit Technicians were close in age to Plaintiffs. *Id*. at 13.

As Defendant points out, a plaintiff is not in fact replaced in a reduction of force scenario. *Godfredson v. Hess & Clark, Inc*., 173 F.3d 365, 371 (6th Cir. 1999). Thus, instead of showing that he or she was replaced by a person outside of the protected class, "a plaintiff must present additional direct, circumstantial, or statistical evidence tending to indicate that the employer singled out [the plaintiff] for discharge for impermissible reasons." *Id.*(internal quotations omitted). "If the plaintiff makes out a prima facie case, the burden then shifts to the defendant to produce evidence of a non-discriminatory reason for its action, which will necessarily be the alleged reduction in force." *Id.*, citing *McDonnell Douglas*, 411 U.S. at 802-03. "The burden then returns to the plaintiff to demonstrate that the defendant's proffered reason is pretextual." *Id*. "A plaintiff may demonstrate pretext by showing that the proffered reason had no basis in fact, the proffered reason did not actually motivate the discharge, or, the proffered reason was insufficient to motivate discharge." *Gantt v. Wilson Sporting Goods Co.*, 143 F.3d 1042, 1048-49, (6th Cir. 1998).

The Sixth Circuit has elaborated about that which constitutes a reduction in force:

> It is important to clarify what constitutes a true work force reduction case. A work force reduction situation occurs when business considerations cause an employer to eliminate one or more positions within the company. An employee is not eliminated as part of a work force reduction when he or she is replaced after his or her discharge. However, a person is not replaced when another employee is assigned to perform the plaintiff's duties in addition to other duties, or when the work is redistributed among other existing employees already performing related work. A person is replaced only when another employee is hired or reassigned to perform the plaintiff's duties.

*Barnes v. GenCorp Inc.*, 896 F.2d 1457, 1465 (6th Cir. 1990).

Defendant asserts that it eliminated the Unit Secretary position and the duties from that position that were not eliminated were incorporated into the new Unit Technician position. ECF Dkt. #26-1 at 10-12. Plaintiffs assert in the amended complaint that Defendant "deliberately eliminated the Unit Secretary position to replace the Unit Secretaries with substantially younger PCAs." ECF Dkt. #3 at 6. They also contend in their opposition brief that "[f]rom the beginning of the layoff procedures, there was a general understanding among employees in the hospital that Northside was getting rid of older employees because they did not want staff with as much seniority and as little experience with technology as the secretarial staff." ECF Dkt. #28 at 6.

Plaintiffs' speculation and rumor fail to meet their reciprocal burden on summary judgment that the Unit Secretary positions were eliminated because of the age of the Unit Secretary employees. Plaintiffs also fail to raise a genuine issue of material fact that the elimination of the Unit Secretary position was not due to emerging technology or reorganization at the hospital as asserted by Defendant. Nor do Plaintiffs show that the duties from the Unit Secretary positions that were not outdated were not incorporated into the new Unit Technician positions.

In fact, Plaintiffs cite to the testimony of Christine Heineman, the administrative organizer for Defendant, who discussed with Plaintiff London and others the elimination of the Unit Secretary position due to the move to electronic records and emerging technologies, along with reorganization of the hospital. ECF Dkt. #28 at 2, citing ECF Dkt. #28-8 at 3-4. Further, Plaintiff Gavolas testified in her deposition that she had not been treated differently or negatively by any of her superiors or anyone she had major interaction with at the hospital and she had only heard rumors that Defendant wanted to push the older employees out of their jobs. ECF Dkt. #28-5 at 11-12. More importantly,

Plaintiffs and the other Unit Secretaries were offered the option of bidding on the newly created Unit Technician positions and Plaintiffs London and Gavolas were actually awarded two of the new Unit Technician positions. This belies any assertion that Defendant violated the ADEA by eliminating the Unit Secretary positions due to age. ECF Dkt. #28 at 6, citing ECF Dkt. #26-4 at 21-22. For these reasons, the Court GRANTS summary judgment in favor of Defendant as to Plaintiffs' ADEA discrimination claims.

Defendant also moves for summary judgment on Plaintiffs' claims that Defendant violated the ADEA when it denied them the new Unit Technician positions after offers to Plaintiffs London and Gavolas were extended after the first bidding, rescinded when the positions were put up for rebidding, and then not awarded to them after rebidding. ECF Dkt. #3 at 6; ECF Dkt. #28 at 5-7. As Plaintiffs point out, Plaintiffs London and Gavolas were awarded new Unit Technician positions, but then upon the resolution of their union grievance in which they complained that the new Unit Technician positions were not awarded based upon seniority, the new Unit Technician positions were opened back up for rebidding and none of the three Plaintiffs were awarded a position. ECF Dkt. #28 at 3. They assert that all of the new Unit Technician positions were awarded to employees younger than Plaintiff London and nearly half of the positions were awarded to employees younger than Plaintiffs Scott and Gavolas. *Id*. at 6.

Defendant first asserts that Plaintiffs cannot show that they were treated differently than similarly situated employees based on age. ECF Dkt. #26-1 at 12. Defendant contends that the group of individuals with whom Plaintiffs must make their comparison as similarly situated are the other Unit Secretaries, since Plaintiffs must show that the comparators are similarly situated in all respects, including dealing with the same supervisor, having been subjected to the same standards and "having engaged in the same conduct without such differentiating or mitigating circumstances that would distinguish their conduct or the employer's treatment of them for it." *Id*., citing *Mitchell v. Toledo Hosp*., 964 F.2d 577, 583 (6th Cir. 1992). Defendant contends that there is no evidence that Plaintiffs were treated any differently than the other Unit Secretaries based upon their age, as none of the Unit Secretaries were offered new Unit Technician positions. ECF Dkt. #26-1 at 12.

-8-

Defendant further contends that even if the Court accepts Plaintiffs' comparators as including the prior Unit Technicians and PCAs who were awarded the new Unit Technician positions at rebidding, Plaintiffs still cannot meet the fourth element of a prima facie case of age discrimination because the employees awarded the new Unit Technician jobs upon rebidding were "all in the same general age group." ECF Dkt. #29 at 5. Defendant posits that Plaintiffs Scott and Gavolas were 59 years old and Plaintiff London was 63 at the time that the job posting closed, and the ages of the new Unit Technicians as of the date of the closing of the job were 48, 51, 55, 58, 60 and 62 years old. *Id*. at 6, citing ECF Dkt. #26-2. Defendant asserts that only one of the jobs was awarded to an employee 10 or more years younger than Plaintiffs Gavolas and Scott and only two of the new Unit Technicians were 10 or more years younger than Plaintiff London. ECF Dkt. #26-1 at 11. Defendant also notes that "[m]ore importantly, only two of the employees who were awarded positions were more than six years older than Plaintiffs Gavolas and Smith[sic]..." *Id*.

The fact that the new Unit Technicians were within the same age-protected class of workers does not bar Plaintiffs from establishing a prima facie case of age discrimination. *Grosjean v. First Energy Corp*., 349 F.3d 332, 336 (6th Cir. 2003). However, as Defendant points out, age differences of 10 or more years are generally held to be sufficiently substantial in order to meet the requirement of the fourth element of *McDonnell Douglas*. ECF Dkt. #26-1 at 11, citing *Grosjean*, 349 F.3d at 336 (citing cases). And as Defendant notes, the Sixth Circuit has also held that "in the absence of direct evidence that the employer considered age to be significant, an age difference of six years or less between an employee and a replacement is not significant" for ADEA purposes. *Id*. According to Defendants, the ages of the new Unit Technicians hired upon rebidding were 48, 51, 55, 58, 59, 60, and 62 years, while Plaintiffs' ages at the time that the posting closed were 59 years old for Plaintiffs Scott and Gavolas, and 63 years old for Plaintiff London. *Id*. at 6, citing ECF Dkt. #26-2.

Plaintiffs offer no opposing argument concerning the ages of the new Unit Technicians or any law concerning age differences as insignificant or sufficiently substantial. Nevertheless, even accepting that Plaintiffs have established a prima facie case of age discrimination, Defendant has offered a legitimate non-discriminatory reason for the termination of Plaintiffs' employment and for

-9-

not hiring Plaintiffs upon rebidding of the new Unit Technician positions. If an employee establishes a prima facie case of age discrimination, "the burden of production shifts to the employer to articulate a legitimate nondiscriminatory reason for the adverse employment action." *Schoonmaker v. Spartan Graphics Leasing, L.L.C.*, 595 F.3d 261, 264 (6th Cir. 2010), quoting 29 U.S.C. § 623(a)(1). If the employer meets its burden of production, the burden of production shifts back to the employee to show that the employer's stated reason was mere pretext. *Id*. The employee must produce "sufficient evidence from which a jury could reasonably reject [the employer's] explanation of why it fired her." *Blizzard v. Marion Technical College*, 698 F.3d 275, 285 (6th Cir. 2012), quoting *Chen v. Dow Chem. Co.*, 580 F.3d 394, 400 (6th Cir.2009). The employee can do this by proving " '(1) that the proffered reasons had no basis *in fact*, (2) that the proffered reasons did not *actually* motivate [her discharge], or (3) that they were *insufficient* to motivate discharge.' " *Blizzard*, 698 F.3d at 285, quoting *Chattman v. Toho Tenax Am., Inc*., 686 F.3d 339, 349 (6th Cir.2012) (emphasis in original) (quoting *Manzer v. Diamond Shamrock Chems.* Co., 29 F.3d 1078, 1084 (6th Cir.1994), overruled on other grounds, *Geiger v. Tower Automotive*, 579 F.3d 614 (6th Cir. 2009)). "Pretext is a commonsense inquiry: did the employer fire the employee for the stated reason or not?" *Blizzard*, 698 F.3d at 285, quoting *Chen*, 580 F.3d at 400 n. 4. The burden of persuasion remains on the plaintiff throughout to show that "age was the 'but-for' cause of the employer's adverse action." *Gross v. FBL Fin. Servs., Inc*., 557 U.S. 167, 177, 129 S.Ct. 2343, 174 L.Ed.2d 119 (2009); *Geiger v. Tower Auto*., 579 F.3d 614, 620 (6th Cir.2009).

As the Court found above, Defendant has shown that the Unit Secretary positions were eliminated due to emerging technology and reorganization of the hospital and some of their remaining duties were incorporated into the new Unit Technician positions. Plaintiffs have not met their burden of showing otherwise beyond speculation and rumor of age discrimination. Further, Defendant has asserted that those new Unit Technicians hired upon rebidding had more patient-related experience which were part of the duties required of the new Unit Technician positions and Plaintiffs, as former Unit Secretaries with some patient-related experience, had less of that type of required experience than those hired as the new Unit Technicians. ECF Dkt. #26-1 at 6. Defendant asserts that it hired the new Unit Technicians upon rebidding based upon qualifications and seniority

to resolve the union grievance filed by Plaintiffs, as 3 of the 7 new Unit Technician positions were awarded to those former Unit Technicians who clearly had more experience aligned with the new Unit Technician positions. *Id.*, citing ECF Dkt. #26-2. Defendant further contends that the remaining 4 new Unit Technician positions were awarded to PCAs who had more patient care experience than any of the Unit Secretaries. ECF Dkt. #26-1 at 6. Defendant contends that none of the Plaintiffs were awarded new Unit Technician positions upon rebidding because they lacked sufficient patient care experience, not because of their age. ECF Dkt. #26-1, citing ECF Dkt. #26-2.

Plaintiffs respond that Defendant's proffered reason for terminating their employment was merely a pretext to hide unlawful age discrimination. ECF Dkt. #28 at 7. They assert that Defendant's reason did not actually motivate its conduct as the Unit Secretaries were willing to take on more patient responsibilities and before the first round of vacancies for the position, Defendant informed the Unit Secretaries that they would receive training for taking on more patient responsibilities, but the training was cancelled. *Id.* Moreover, Plaintiffs point out that Defendants London and Gavolas were actually awarded new Unit Technician positions during the first round of hiring, which showed that Defendant believed that they were qualified for the position. *Id.*

Defendant counters that Plaintiffs were never informed that they were being laid off because they were unwilling to take on more patient responsibilities and the testimony showed that the responsibilities that the Unit Secretaries were uncomfortable with were not even included in the new positions. ECF Dkt. #29 at 6, citing ECF Dkt. #26-8 at 17-18. Defendant contends that the motivation behind its decision not to rehire Plaintiffs, or any of the other Unit Secretaries, was due to their lesser amount of patient care experience and not because of their age. ECF Dkt. #29 at 6.

The Court finds that Defendant has presented a legitimate, nondiscriminatory reason for not hiring Plaintiffs upon rebidding, and Plaintiffs have not met their burden of establishing a genuine issue of material fact that more patient care experience did not actually motivate their failure to be awarded the new Unit Technician positions or their subsequent termination of employment by layoff.

The fact that Defendant awarded the positions to Plaintiffs London and Gavolas in the first round of hiring does not show that they had sufficient patient experience, as according to both Plaintiffs

and Defendant, the hiring criteria changed as a result of the union grievance that was filed and resolved. Moreover, Plaintiffs present no showing of a genuine issue of material fact that age and not patient experience was the motivating factor for not awarding the new Unit Technician positions to them and their subsequent layoffs. Accordingly, the Court GRANTS Defendant's motion for summary judgment as to Plaintiffs' claims of discrimination under the ADEA.

### B.     ADEA RETALIATION

Defendant also moves for summary judgment on Plaintiffs' claims of retaliation in violation of the ADEA. ECF Dkt. #26. Defendant cites to Plaintiffs' complaint allegations that their employment was terminated and they were not rehired after they complained about the age discrimination they experienced. *Id.*, citing ECF Dkt. #3 at 8. Defendant asserts that the depositions of Plaintiffs do not support their allegations as they each denied reporting alleged age discrimination prior to the termination of their employment. ECF Dkt. #26-1 at 18, citing ECF Dkt. #26-3 at 17, ECF Dkt. #26-4 at 23; ECF Dkt. #26-5 at 19-20. Defendant also asserts that Plaintiffs rely upon the union grievance regarding age discrimination as their protected activity, but such a claim is not included in the amended complaint. ECF Dkt. #29 at 7.

Like ADEA discrimination claims, retaliation claims may also be supported by either direct or circumstantial evidence. *Fuhr v. Hazel Park Sch. Dist.*, 710 F.3d 668, 673 (6th Cir. 2013). Here, Plaintiff relies on circumstantial evidence, so Plaintiffs must show the following (1) they engaged in protected activity when they made their age discrimination complaint; (2) defendant knew about the exercise of the protected activity; (3) defendant thereafter took adverse employment action against them; and (4) there was a causal connection between the protected activity and the adverse employment action. *Spengler v. Worthington Cylinders*, 615 F.3d 481, 491-92 (6th Cir. 2010). The last two steps after a prima facie case is established are the same as those presented in the ADEA discrimination claim, that is, defendant must then proffer a legitimate business reason for the adverse decision, and then Plaintiffs must show that the stated reason is a pretext for retaliation.

The Court agrees with Defendant that Plaintiffs cannot establish the first element of the prima facie case. While they did file a union grievance, Plaintiffs admit in their opposition brief that they did not mention age discrimination in the grievance. ECF Dkt. #28 at 10. However, they assert

that it was "obvious that Plaintiff's concern about the treatment of employees with most seniority is directly linked to concern about the treatment of the older employees within the company." *Id*. Neither party has provided the union grievance or the union contract language and resolution to the Court and neither party attached the union grievance, resolution or contract to the depositions that were filed with the Court. However, as pointed out by Defendant, each of the Plaintiffs in their deposition denied that they reported age discrimination prior to the termination of their employment. ECF Dkt. #26-1 at 18, citing ECF Dkt. #26-3 at 17, ECF Dkt. #26-4 at 23; ECF Dkt. #26-5 at 19-20. And without additional support and analysis, the Court cannot find that it was "obvious" that Plaintiffs' grievance concerning the failure to award new Unit Technician positions according to union agreement and contract language or seniority is directly linked to the ages of the employees.

Nevertheless, even if the Court finds that Plaintiffs have established all four of the elements of their prima facie case of ADEA retaliation, the Court finds that Defendant has presented legitimate nondiscriminatory reasons for terminating Plaintiffs' employment after none of them were awarded the new Unit Technician positions upon rebidding and Plaintiffs have failed to show a genuine issue of material fact that these reasons were merely a pretext for retaliation. Again, Defendant asserts that the Unit Secretary positions were eliminated due to emerging technology and organizational restructuring and Plaintiffs present no evidence establishing a genuine issue of material fact to the contrary that they were offered the opportunities to either take the layoff, bump other employees, or bid on the new Unit Technician jobs. ECF Dkt. #26-1 at 15-16; ECF Dkt. #29 at 7-9. Moreover, Defendant contends that upon rebidding as a result of resolving Plaintiffs' union grievance, Defendant awarded the new Unit Technician positions on the basis of seniority and qualifications for the new positions as requested by Plaintiff London in the grievance. *Id*. In their brief in opposition, Plaintiffs merely assert temporal proximity between their termination of employment and the filing of the union grievance and they state that "they were not at all resistant to the addition of patient care responsibilities when Northside was adjusting their position. Further, all Plaintiffs were exceptionally qualified for the unit technician positions." ECF Dkt. #28 at 7-11. The Court finds that without more, Plaintiffs have failed to establish a genuine issue of material fact that Defendant's stated reason for not hiring Plaintiffs upon rebidding, that they lacked patient

experience, was a pretext for retaliation based upon filing the grievance. Accordingly, the Court GRANTS Defendant's motion for summary judgment as to Plaintiffs' claims of retaliation in violation of the ADEA.

## C.     IIED

Finally, Defendant moves for summary judgment on Plaintiffs' claim of IIED, asserting that Plaintiffs cannot establish a genuine issue of material fact that Defendant's conduct was so extreme and outrageous to support an IIED claim and Plaintiffs have failed to provide medical evidence from a physician, psychiatrist or psychologist to show severe or debilitating mental or emotional distress as required to maintain such a claim.  ECF Dkt. #26-1 at 19.

In order to establish a prima facie case of IIED under Ohio law, a plaintiff must show "(1) that the defendant intended to cause [or recklessly caused] the plaintiff emotional distress, (2) that the defendant's conduct was extreme and outrageous, and (3) that the defendant's conduct was the proximate cause of plaintiff's serious emotional distress." *Lopez v. Am. Fam. Ins. Co.,* No. 14-3412, 618 Fed. App'x 794,  (6th Cir. June 26, 2015), unpublished, quoting *Phung v. Waste Mgt., Inc.*, 71 Ohio St.3d 408, 644 N.E.2d 286, 289 (1994). "Extreme and outrageous" conduct occurs when the conduct is "so outrageous in character, and so extreme in degree, as to go beyond all possible bounds of decency, and to be regarded as atrocious, and utterly intolerable in a civilized community." *Yeager v. Local Union 20, Teamsters, Chauffeurs, Warehousemen, & Helpers of Am*., 6 Ohio St.3d 369, 453 N.E.2d 666, 671 (1983) (quoting Restatement (Second) of Torts § 46 cmt. d (1965)), abrogated on other grounds, *Welling v. Weinfeld*, 113 Ohio St.3d 464, 866 N.E.2d 1051 (2007).

The Sixth Circuit has held that under Ohio law, an "employee's termination, even if based upon discrimination, does not rise to the level of 'extreme and outrageous conduct' without proof of something more. If such were not true, then every discrimination claim would simultaneously become a cause of action for the intentional infliction of emotional distress." *Lopez,* 618 Fed. App'x at 805, quoting *Godfredson v. Hess & Clark, Inc*., 173 F.3d 365, 376 (6th Cir.1999); *see also Talley v. Family Dollar Stores of Ohio, Inc*., 542 F.3d 1099, 1111 (6th Cir.2008).

The Court GRANTS summary judgment in favor of Defendant on this claim.  As pointed out by Defendant, even if Defendant's actions constituted ADEA discrimination and retaliation,

-14-

Plaintiffs have pointed to nothing more to show "extreme and outrageous conduct." Plaintiffs simply cite to their testimony concerning the alleged mental and emotional harm that they suffered as a result of the termination of their employment. ECF Dkt. #28 at 11-12. They make no showing of conduct on the part of Defendant to establish "extreme and outrageous conduct." Accordingly, the Court GRANTS summary judgment to Defendant on Plaintiffs' IIED claims.

## **IV.**   **CONCLUSION**

For the foregoing reasons, the Court GRANTS Defendant's motion for summary judgment (ECF Dkt. #26) and Plaintiff's amended complaint is dismissed in its entirety WITH PREJUDICE. Judgment shall be entered in favor of Defendant.

Date: November 9, 2017              *s/ George J. Limbert*
                                                             GEORGE J. LIMBERT
                                                             UNITED STATES MAGISTRATE JUDGE